TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority
Conferred by 28 U.S.C. § 515
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
SCOTT D. TENLEY (Cal. Bar No. 298911)
Assistant United States Attorneys
        411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
        Telephone: (714) 338-2829
        Facsimile: (714) 338-3561
        E-mail:    scott.tenley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**

JUL 16, 2020

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY ___MKU___
Deputy Clerk, U.S. District Court

**UNDER SEAL**

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,              No. SA CR 18-014-JLS

            Plaintiff,                 UNDER SEAL FILING

            v.                         **(UNDER SEAL)**

JEFFREY DAVID GROSS,

            Defendant.

1  TRACY L. WILKISON
   Attorney for the United States
2  Acting Under Authority Conferred
   by 28 U.S.C. § 515
3  BRANDON D. FOX
   Assistant United States Attorney
4  Chief, Criminal Division
   JOSEPH T. MCNALLY (Cal. Bar No. 250289)
5  SCOTT D. TENLEY (Cal. Bar No. 298911)
   Assistant United States Attorneys
6       8000 United States Courthouse
        411 West Fourth Street
7       Santa Ana, California 92701
        Telephone: (714) 338-2829
8       Facsimile: (714) 338-3561
        E-mail:   scott.tenley@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                 UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. SA CR 18-014-JLS

14            Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                      JEFFREY DAVID GROSS
15            v.
                                      [**FILED UNDER SEAL**]
16 JEFFREY DAVID GROSS,

17            Defendant.

18

19      1.    This constitutes the plea agreement between defendant

20 Jeffrey David Gross ("defendant") and the United States Attorney's

21 Office for the Central District of California ("the USAO") in the

22 above-captioned case.  This agreement is limited to the USAO and

23 cannot bind any other federal, state, local, or foreign prosecuting,

24 enforcement, administrative, or regulatory authorities.

25                    DEFENDANT'S OBLIGATIONS

26      2.    Defendant agrees to:

27            a.    At the earliest opportunity requested by the USAO and

28 provided by the Court, appear and plead guilty to count one of the

1  indictment in <u>United States v. Jeffrey David Gross</u>, No. SA CR 18-014-
2  JLS, which charges defendant with conspiracy in violation of 18
3  U.S.C. § 371.

4     b. Not contest facts agreed to in this agreement.

5     c. Abide by all agreements regarding sentencing contained
6  in this agreement.

7     d. Appear for all court appearances, surrender as ordered
8  for service of sentence, obey all conditions of any bond, and obey
9  any other ongoing court order in this matter.

10     e. Not commit any crime; however, offenses that would be
11  excluded for sentencing purposes under United States Sentencing
12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
13  within the scope of this agreement.

14     f. Be truthful at all times with the United States
15  Probation and Pretrial Services Office and the Court.

16     g. Pay the applicable special assessment at or before the
17  time of sentencing unless defendant has demonstrated a lack of
18  ability to pay such assessments.

19    3. Defendant further agrees:

20     a. To the entry, as part of defendant's guilty plea, of a
21  personal money judgment of forfeiture against defendant in the amount
22  of $622,936.00, which sum defendant admits defendant obtained,
23  received and possessed as a result of one or more violations of 18
24  U.S.C. § 371, and which judgment defendant agrees can be enforced
25  against assets owned by defendant. The parties agree that certain
26  payment(s) made by the defendant in satisfaction of any restitution
27  order and/or fine entered by the Court will decrease the amount owed
28  on the money judgment by the amount paid in satisfaction of the

restitution order and/or fine.  Specifically, only restitution and/or fine payments made within 24 months of sentencing shall result in a decrease of the amount owed on the money judgment.  The parties further agree to a payment schedule on the money judgment, to be memorialized in the money judgment, that requires a monthly payment of $5,000 toward the outstanding balance of the money judgment for a period of 36 months (the "payment period"), with the remaining balance due in full thereafter.  During the payment period, the government agrees to forego seeking the forfeiture of substitute assets to satisfy the money judgment unless defendant fails to make two or more consecutive payments required by the payment schedule.

      b.    Defendant knowingly and voluntarily waives (i) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the imposition of the money judgment of forfeiture in the charging instrument, announcement of the money judgment of forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (ii) all constitutional and statutory challenges in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds; and (iii) all constitutional, legal and equitable defenses to the money judgment of forfeiture in any proceeding on any grounds including, without limitation, that the amount of the money judgment of forfeiture constitutes an excessive fine or punishment.  Defendant also acknowledges and understands that the money judgment of forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.

c.    That satisfaction of the money judgment of forfeiture shall not be counted toward satisfaction of any special assessment, fine, remaining amounts owed on any restitution order, or any other penalty the Court may impose, nor shall the satisfaction of the money judgment of forfeiture be counted toward satisfaction of any taxes, penalties, or interest owed to the Internal Revenue Service ("IRS"). However, if the Money Laundering and Asset Recovery Section ("MLARS") of the Department of Justice grants any petition for remission submitted by a victim of defendant's illegal activities as set forth in the operative information, then the USAO will not object to defendant receiving a credit towards payment of restitution in the amount actually paid to the victim pursuant to MLARS' grant of the petition for remission.

4.    Defendant further agrees to cooperate fully with the USAO, the Federal Bureau of Investigation, the California Department of Insurance, and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

a.    Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b.    Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c.    Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

d.    If requested to do so by the USAO, act in an undercover capacity to the best of defendant's ability in connection with criminal investigations by federal, state, local, or foreign law enforcement authorities, in accordance with the express instructions of those law enforcement authorities.  Defendant agrees not to act in an undercover capacity, tape record any conversations, or gather any evidence except after a request by the USAO and in accordance with express instructions of federal, state, local, or foreign law enforcement authorities.

5.    For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement; and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

<u>THE USAO'S OBLIGATIONS</u>

6.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

5

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 21 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

7.    The USAO further agrees:

a.    Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any sentencing proceeding in any criminal case that may be brought against defendant by the USAO, any Cooperation Information. Defendant agrees, however, that the USAO may use both Cooperation Information and Plea Information: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of defendant; (2) to cross-examine defendant should defendant testify, or to rebut any evidence offered, or

argument or representation made, by defendant, defendant's counsel, or a witness called by defendant in any trial, sentencing hearing, or other court proceeding; and (3) in any criminal prosecution of defendant for false statement, obstruction of justice, or perjury.

b.    Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed.  Defendant understands, however, that Cooperation Information will be disclosed to the United States Probation and Pretrial Services Office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

c.    In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

d.    If the USAO determines, in its exclusive judgment, that defendant has both complied with defendant's obligations under paragraphs 2 and 3 above and provided substantial assistance to law enforcement in the prosecution or investigation of another ("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the sentencing guidelines, and to recommend a term of imprisonment within this reduced range.

DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

8.    Defendant understands the following:

7

1    a.    Any knowingly false or misleading statement by
2  defendant will subject defendant to prosecution for false statement,
3  obstruction of justice, and perjury and will constitute a breach by
4  defendant of this agreement.

5    b.    Nothing in this agreement requires the USAO or any
6  other prosecuting, enforcement, administrative, or regulatory
7  authority to accept any cooperation or assistance that defendant may
8  offer, or to use it in any particular way.

9    c.    Defendant cannot withdraw defendant's guilty plea if
10 the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a
11 reduced guideline range or if the USAO makes such a motion and the
12 Court does not grant it or if the Court grants such a USAO motion but
13 elects to sentence above the reduced range.

14    d.    At this time the USAO makes no agreement or
15 representation as to whether any cooperation that defendant has
16 provided or intends to provide constitutes or will constitute
17 substantial assistance.  The decision whether defendant has provided
18 substantial assistance will rest solely within the exclusive judgment
19 of the USAO.

20    e.    The USAO's determination whether defendant has
21 provided substantial assistance will not depend in any way on whether
22 the government prevails at any trial or court hearing in which
23 defendant testifies or in which the government otherwise presents
24 information resulting from defendant's cooperation.

### NATURE OF THE OFFENSE

26    9.    Defendant understands that for defendant to be guilty of
27 the crime charged in count one of the indictment, that is,
28 conspiracy, in violation of Title 18, United States Code, Section

8

371, the following must be true: (1) between in or about February 2008 and in or about May 2013, there was an agreement between two or more persons to commit violations of Title 18, United States Code, Sections 1341, 1343, and 1346 (Honest Services Mail and Wire Fraud); (2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

10. Defendant understands that Honest Services Mail and Wire Fraud, in violation of Title 18, United States Code, Sections 1341 and 1346, and 1343 and 1346, the objects of the conspiracy, has the following elements: (1) the defendant devised or participated in a scheme or plan to deprive a patient of his or her right to honest services; (2) the scheme or plan included payments of bribes or kickbacks to a medical professional in exchange for medical services or items; (3) the defendant owed a fiduciary duty to his patients; (4) the defendant acted with the intent to defraud by depriving the patients of their right of honest services of the medical professional; (5) the defendant's act was material, that is, it had a natural tendency to influence, or was capable of influencing, a patient's acts; and (6) the defendant used, or caused someone to use, the mails and/or an interstate wire communication to carry out or attempt to carry out the scheme or plan.

## PENALTIES AND RESTITUTION

11. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, as charged in count one of the indictment, is: five years' imprisonment, a three-year period of supervised release;

a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.

12. Defendant understands that, if ordered by the Court, defendant will be required to pay full restitution to victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The parties have no agreement as to the proper amount of restitution.

13. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10

1    14.   Defendant understands that, by pleading guilty, defendant
2    may be giving up valuable government benefits and valuable civic
3    rights, such as the right to vote, the right to possess a firearm,
4    the right to hold office, and the right to serve on a jury.
5    Defendant understands that he is pleading guilty to a felony and that
6    it is a federal crime for a convicted felon to possess a firearm or
7    ammunition.   Defendant understands that the conviction in this case
8    may also subject defendant to various other collateral consequences,
9    including but not limited to revocation of probation, parole, or
10   supervised release in another case and suspension or revocation of a
11   professional license.   Defendant understands that unanticipated
12   collateral consequences will not serve as grounds to withdraw
13   defendant's guilty plea.

14    15.   Defendant understands that, if defendant is not a United
15   States citizen, the felony conviction in this case may subject
16   defendant to: removal, also known as deportation, which may, under
17   some circumstances, be mandatory; denial of citizenship; and denial
18   of admission to the United States in the future.   The Court cannot,
19   and defendant's attorney also may not be able to, advise defendant
20   fully regarding the immigration consequences of the felony conviction
21   in this case.   Defendant understands that unexpected immigration
22   consequences will not serve as grounds to withdraw defendant's guilty
23   plea.

24                              FACTUAL BASIS

25    16.   Defendant admits that defendant is, in fact, guilty of the
26   offense to which defendant is agreeing to plead guilty.   Defendant
27   and the USAO agree to the statement of facts provided below and agree
28   that this statement of facts is sufficient to support a plea of

                                   11

1   guilty to the charge described in this agreement and to establish the
2   Sentencing Guidelines factors set forth in paragraph 18 below but is
3   not meant to be a complete recitation of all facts relevant to the
4   underlying criminal conduct or all facts known to either party that
5   relate to that conduct.

6       Defendant was a licensed neurosurgeon who operated Oasis Medical
7   Providers, Inc. ("Oasis"), a medical practice based in Laguna Niguel,
8   California, in Orange County, within the Central District of
9   California.  As a physician and neurosurgeon, defendant owed a
10  fiduciary duty to his patients to provide conflict-free medical
11  advice and advice concerning the location of a patient's surgery.
12  During all times relevant to this plea agreement, Pacific Hospital of
13  Long Beach ("Pacific Hospital") was a hospital owned and/or operated
14  by Michael D. Drobot ("Drobot").  From 2008 to 2013, defendant agreed
15  with Drobot and others to participate and did, in fact, participate
16  in a scheme to defraud patients of their right to honest services by
17  accepting bribes and kickbacks paid to induce him to refer patients
18  to Pacific Hospital for spinal surgeries and other medical services.

19      In or around February 2008, defendant entered into an agreement
20  with Drobot to sublease Oasis's medical office space to a company
21  affiliated with Pacific Hospital, Pacific Specialty Physician
22  Management, Inc. ("PSPM"), in return for monthly payments to Oasis in
23  the amount of $15,000.  Defendant knew and understood that one
24  purpose of the sublease agreement, and the payments made thereunder,
25  was to induce defendant to bring certain spinal surgery patients to
26  Pacific Hospital.  The sublease agreement did not indicate that one
27  of its purposes was to induce and compensate defendant for his
28  surgical referrals, and defendant did not disclose that information

1    to these patients.  PSPM paid Oasis $145,000 under the sublease
2    agreement.

3        In or around November 2008, defendant entered into an option
4    contract with PSPM whereby PSPM paid $15,000 per month to Oasis for
5    the option to purchase the accounts receivable and all other tangible
6    assets of Oasis.  Defendant knew and understood that one purpose of
7    the option contract, and the payments made thereunder, was to induce
8    defendant to bring certain spinal surgery patients to Pacific
9    Hospital.  The option contract did not indicate that one of its
10   purposes was to induce and compensate defendant for his surgical
11   referrals, and defendant did not disclose that information to these
12   patients.  PSPM paid Oasis $105,000 under the option agreement.

13       In or around April 2009, defendant entered into an outsourced
14   collections agreement with Pacific Hospital that called for defendant
15   to assist with collections on some of the spinal surgery cases that
16   he performed at the hospital in exchange for fifteen percent of any
17   amounts collected by Pacific Hospital related to those surgeries.
18   The outsourced collections agreement, as later amended, called for
19   defendant to be paid ten percent of the collected amount on other
20   outpatient surgeries.  If defendant used International Implant ("I2")
21   hardware during spinal surgeries, he was advanced an upfront amount
22   of $5,000 regardless of subsequent collections.  I2 was a hardware
23   distribution company formed by Drobot.  Defendant knew and understood
24   that one purpose of the outsourced collections agreement, and the
25   payments made thereunder, was to induce defendant to bring certain
26   spinal surgery patients to Pacific Hospital.  The outsourced
27   collections agreement did not indicate that one of its purposes was
28   to induce and compensate defendant for his surgical referrals, and

13

1   defendant did not disclose that information to these patients.
2   Pacific Hospital paid Oasis $372,936 under the outsourced collection
3   agreement.

4       Between April 2008 and May 2013, Drobot paid a total of $622,936
5   to defendant pursuant to the sublease agreement, option contract, and
6   outsourced collections agreement.  During that same period, defendant
7   referred dozens of patients to Pacific Hospital for spinal surgeries
8   based in part on payments made to him under those agreements.

9       Defendant understood that the $622,936 paid to him by Drobot
10  constituted bribes and kickbacks to induce him to refer his patients
11  to Pacific Hospital.  By receiving these payments, defendant
12  knowingly deprived his patients of their right to his honest
13  services.  These payments were material to defendant's patients
14  because they were capable of influencing patients' medical decisions,
15  including the location of any surgery that was recommended.  Had
16  defendant's patients known of these payments, they may have explored
17  other options related to their medical care.

18      In furtherance of the scheme, defendant and his co-conspirators
19  transmitted items using the mail and interstate wire communications.
20  For example, on March 14, 2013, Pacific Hospital mailed a claim for
21  reimbursement to a personal injury attorney in San Diego, California,
22  seeking $122,047.10 for the hospital-billing component of medical
23  care provided to patient D.A., based on a cervical spinal fusion
24  surgery defendant performed at Pacific Hospital on February 21, 2013
25  pursuant to the outsourced collections agreement.

26      These stipulated facts are not meant to indicate that defendant
27  provided any patients with substandard medical or surgical care or
28

14

1  that any treatment he recommended, prescribed, and/or delivered was
2  not medically necessary.

SENTENCING FACTORS

4      17.  Defendant understands that in determining defendant's
5  sentence the Court is required to calculate the applicable Sentencing
6  Guidelines range and to consider that range, possible departures
7  under the Sentencing Guidelines, and the other sentencing factors set
8  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
9  Sentencing Guidelines are advisory only, that defendant cannot have
10  any expectation of receiving a sentence within the calculated
11  Sentencing Guidelines range, and that after considering the
12  Sentencing Guidelines and the other § 3553(a) factors, the Court will
13  be free to exercise its discretion to impose any sentence it finds
14  appropriate up to the maximum set by statute for the crime of
15  conviction.

16      18.  Defendant and the USAO agree to the following applicable
17  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. § 2B1.1(a)(2)] |
| Loss over $550,000: | +14 | [U.S.S.G. § 2B1.1(b)(1)(H)] |
| Sophisticated Means: | +2 | [U.S.S.G. § 2B1.1(b)(10)] |
| Abuse of Trust | +2 | [U.S.S.G. § 3B1.3] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1] |
| Total Offense Level: | 21 | |

The USAO will agree to a two-level downward adjustment for acceptance
of responsibility (and, if applicable, move for an additional one-
level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the
conditions set forth in paragraph 6(d) are met and if defendant has
not committed, and refrains from committing, acts constituting

15

obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as
discussed below.  Subject to paragraph 31 below, defendant and the
USAO agree not to seek, argue, or suggest in any way, either orally
or in writing, that any other specific offense characteristics,
adjustments, or departures relating to the offense level be imposed.
Defendant agrees, however, that if, after signing this agreement but
prior to sentencing, defendant were to commit an act, or the USAO
were to discover a previously undiscovered act committed by defendant
prior to signing this agreement, which act, in the judgment of the
USAO, constituted obstruction of justice within the meaning of
U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set
forth in that section and to argue that defendant is not entitled to
a downward adjustment for acceptance of responsibility under U.S.S.G.
§ 3E1.1.

19.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

20.  The USAO (as limited by paragraph 6(e)) and defendant
reserve the right to argue for a sentence outside the sentencing
range established by the Sentencing Guidelines based on the factors
set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and
(a)(7).

### WAIVER OF CONSTITUTIONAL RIGHTS

21.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

   a.   The right to persist in a plea of not guilty.

   b.   The right to a speedy and public trial by jury.

   c.   The right to be represented by counsel -- and if
necessary have the Court appoint counsel -- at trial.  Defendant

16

understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

     d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

     e.   The right to confront and cross-examine witnesses against defendant.

     f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

     g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

     h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

    22.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute or object of the conspiracy to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1      LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2          23.   Defendant agrees that, provided the Court imposes a total

3   term of imprisonment on all counts of conviction of no more than 46

4   months, defendant gives up the right to appeal all of the following:

5   (a) the procedures and calculations used to determine and impose any

6   portion of the sentence; (b) the term of imprisonment imposed by the

7   Court; (c) the fine imposed by the Court, provided it is within the

8   statutory maximum; (d) to the extent permitted by law, the

9   constitutionality or legality of defendant's sentence, provided it is

10  within the statutory maximum; (e) the amount and terms of any

11  restitution order; (f) the term of probation or supervised release

12  imposed by the Court, provided it is within the statutory maximum;

13  and (g) any of the following conditions of probation or supervised

14  release imposed by the Court: the conditions set forth in General

15  Order 20-04 of this Court; the drug testing conditions mandated by 18

16  U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use

17  conditions authorized by 18 U.S.C. § 3563(b)(7).

18         24.   The USAO agrees that, provided (a) all portions of the

19  sentence are at or below the statutory maximum specified above and

20  (b) the Court imposes a term of imprisonment of no less than 37

21  months, the USAO gives up its right to appeal any portion of the

22  sentence.

23              RESULT OF WITHDRAWAL OF GUILTY PLEA

24         25.   Defendant agrees that if, after entering a guilty plea

25  pursuant to this agreement, defendant seeks to withdraw and succeeds

26  in withdrawing defendant's guilty plea on any basis other than a

27  claim and finding that entry into this plea agreement was

28  involuntary, then (a) the USAO will be relieved of all of its

                              18

1 obligations under this agreement, including in particular its
2 obligations regarding the use of Cooperation Information; (b) in any
3 investigation, criminal prosecution, or civil, administrative, or
4 regulatory action, defendant agrees that any Cooperation Information
5 and any evidence derived from any Cooperation Information shall be
6 admissible against defendant, and defendant will not assert, and
7 hereby waives and gives up, any claim under the United States
8 Constitution, any statute, or any federal rule, that any Cooperation
9 Information or any evidence derived from any Cooperation Information
10 should be suppressed or is inadmissible; and (c) should the USAO
11 choose to pursue any charge that was either dismissed or not filed as
12 a result of this agreement, then (i) any applicable statute of
13 limitations will be tolled between the date of defendant's signing of
14 this agreement and the filing commencing any such action; and
15 (ii) defendant waives and gives up all defenses based on the statute
16 of limitations, any claim of pre-indictment delay, or any speedy
17 trial claim with respect to any such action, except to the extent
18 that such defenses existed as of the date of defendant's signing this
19 agreement.

20                 RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21      26.  Defendant agrees that if the count of conviction is
22 vacated, reversed, or set aside, both the USAO and defendant will be
23 released from all their obligations under this agreement.

24                      EFFECTIVE DATE OF AGREEMENT

25      27.  This agreement is effective upon signature and execution of
26 all required certifications by defendant, defendant's counsel, and an
27 Assistant United States Attorney.

28

                                    19

## BREACH OF AGREEMENT

28. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a. If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

b. The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; (ii) will no longer be bound by any agreements regarding criminal prosecution, and will be free to criminally prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated to dismiss pursuant to this agreement; and (iii) will no longer be bound by any agreement

20

regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

     c.   The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

     d.   In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any Cooperation Information or any Plea Information should be suppressed or is inadmissible.

29.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

     a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

1        b.    Defendant waives and gives up all defenses based on

2  the statute of limitations, any claim of pre-indictment delay, or any

3  speedy trial claim with respect to any such action, except to the

4  extent that such defenses existed as of the date of defendant's

5  signing this agreement.

6           COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

7                       OFFICE NOT PARTIES

8     30.  Defendant understands that the Court and the United States

9  Probation and Pretrial Services Office are not parties to this

10  agreement and need not accept any of the USAO's sentencing

11  recommendations or the parties' agreements to facts or sentencing

12  factors.

13     31.  Defendant understands that both defendant and the USAO are

14  free to: (a) supplement the facts by supplying relevant information

15  to the United States Probation and Pretrial Services Office and the

16  Court, (b) correct any and all factual misstatements relating to the

17  Court's Sentencing Guidelines calculations and determination of

18  sentence, and (c) argue on appeal and collateral review that the

19  Court's Sentencing Guidelines calculations and the sentence it

20  chooses to impose are not error, although each party agrees to

21  maintain its view that the calculations in paragraph 18 are

22  consistent with the facts of this case.  While this paragraph permits

23  both the USAO and defendant to submit full and complete factual

24  information to the United States Probation and Pretrial Services

25  Office and the Court, even if that factual information may be viewed

26  as inconsistent with the facts agreed to in this agreement, this

27  paragraph does not affect defendant's and the USAO's obligations not

28  to contest the facts agreed to in this agreement.

1    32.   Defendant understands that even if the Court ignores any

2  sentencing recommendation, finds facts or reaches conclusions

3  different from those agreed to, and/or imposes any sentence up to the

4  maximum established by statute, defendant cannot, for that reason,

5  withdraw defendant's guilty plea, and defendant will remain bound to

6  fulfill all defendant's obligations under this agreement.  Defendant

7  understands that no one -- not the prosecutor, defendant's attorney,

8  or the Court -- can make a binding prediction or promise regarding

9  the sentence defendant will receive, except that it will be within

10 the statutory maximum.

11                    NO ADDITIONAL AGREEMENTS

12    33.   Defendant understands that, except as set forth herein,

13 there are no promises, understandings, or agreements between the USAO

14 and defendant or defendant's attorney, and that no additional

15 promise, understanding, or agreement may be entered into unless in a

16 writing signed by all parties or on the record in court.

17 //

18 //

19

20

21

22

23

24

25

26

27

28

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_____                         July 13, 2020
SCOTT D. TENLEY                               _____
Assistant United States Attorney              Date

_____                         _____
JEFFREY DAVID GROSS                           Date
Defendant

_____                         July 12, 2020
MARK MERMELSTEIN                              _____
Attorney for Defendant JEFFREY                Date
DAVID GROSS

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those

24

contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____         _____
JEFFREY DAVID GROSS                       Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JEFFREY DAVID GROSS's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____         _____
MARK MERMELSTEIN                          Date
Attorney for Defendant JEFFREY
DAVID GROSS

**CERTIFICATE OF SERVICE**

I, **Leticia N. Zambrano**, declare:

That I am a citizen of the United States and a resident of or employed in Orange County, California; that my business address is the Office of United States Attorney, 411 West Fourth St., Suite 8000, Santa Ana, CA 92701; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by email described in this Certificate was made; that on July 14, 2020, I email:

**GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT; DECLARATION OF SCOTT D. TENLEY, [PROPOSED] ORDER SEALING DOCUMENT**

**PLEA AGREEMENT**

Service was:

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By Email, as follows:

☐ By messenger, as follows:

☒ By EMAIL, as follows:

**Mark Mermelstein**
**Orrick Herrington and Sutcliffe LLP**

**Email: mmermelstein@orrick.com**

At their last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on July 14, 2020, at Santa Ana, California. I certify under penalty of perjury that the foregoing is true and correct.

*Leticia N. Zambrano*

Leticia N. Zambrano
Legal Assistant